1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10
11

MICHAEL THOMAS WILSON,                    Case No. EDCV 13-1409 JC

12

Plaintiff,

MEMORANDUM OPINION AND
ORDER OF REMAND

13

v.

14
15

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

16

Defendant.

17
18

**I.    SUMMARY**

19

On August 21, 2013, plaintiff Michael Thomas Wilson ("plaintiff") filed a

20

Complaint seeking review of the Commissioner of Social Security's denial of

21

plaintiff's application for benefits.  The parties have consented to proceed before

22

the undersigned United States Magistrate Judge.

23

This matter is before the Court on the parties' cross motions for summary

24

judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The

25

Court has taken both motions under submission without oral argument.  See Fed.

26

R. Civ. P. 78; L.R. 7-15; August 23, 2013 Case Management Order ¶ 5.

27

///

28

///

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On December 31, 2009, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 11, 132). Plaintiff asserted that he became disabled on October 20, 2008, due to back problems, diabetes, high blood pressure, and osteoarthritis. (AR 142). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on November 1, 2011. (AR 25-62).

On November 28, 2011, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 11-21). Specifically, the ALJ found that beginning on or after December 2009[1] (1) plaintiff suffered from the following severe impairments: obesity, back degeneration, diabetes, and mood disorder with anxiety (AR 13); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 14); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. § 404.1567(b))[2]

---

[1]The ALJ denied plaintiff's application for the period of October 2008 to December 2009 because the record reflects that plaintiff engaged in substantial gainful activity during that time period. (AR 13).

[2]The ALJ determined that plaintiff: (i) could lift and/or carry 20 pounds occasionally and 10 pounds frequently; (ii) could sit for six hours in an eight-hour workday; (iii) could stand and/or walk for six hours in an eight-hour workday; (iv) could occasionally climb ramps or stairs, but never climb ladders, ropes or scaffolds; (v) could occasionally balance, stoop, kneel, crouch or crawl; (vi) needed to avoid concentrated exposure to wetness, vibration, or hazards such as unprotected heights or machinery; (vii) could perform unskilled tasks in a non-public setting; and (viii) was precluded from tasks which required intense interaction with co-workers and supervisors, hypervigilance, or fast-paced work. (AR 14-15).

with additional limitations (AR 14-15); (4) plaintiff could not perform his past relevant work (AR 19-20); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically mail clerk, garment sorter, and electronics worker (AR 20-21); and (6) plaintiff's allegations regarding his limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 16).

The Appeals Council denied plaintiff's application for review.  (AR 1).

**III.   APPLICABLE LEGAL STANDARDS**

   **A.   Sequential Evaluation Process**

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)   Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

(2)   Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.

(3)   Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R.

Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4)     Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5)     Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

4

1    To determine whether substantial evidence supports a finding, a court must
2    "'consider the record as a whole, weighing both evidence that supports and
3    evidence that detracts from the [Commissioner's] conclusion.'" <u>Aukland v.</u>
4    <u>Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting <u>Penny v. Sullivan</u>, 2 F.3d
5    953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming
6    or reversing the ALJ's conclusion, a court may not substitute its judgment for that
7    of the ALJ.  <u>Robbins</u>, 466 F.3d at 882 (citing <u>Flaten</u>, 44 F.3d at 1457).

8    **IV.   DISCUSSION**

9        Plaintiff contends that the ALJ failed properly to consider the opinions of
10   Dr. Warren David Yu, the state agency examining orthopedic physician.
11   (Plaintiff's Motion at 3-5).  The Court agrees.  As the Court cannot find that the
12   ALJ's error was harmless, a remand is warranted.

13       **A.   Pertinent Law**

14       In Social Security cases, courts employ a hierarchy of deference to medical
15   opinions depending on the nature of the services provided.  Courts distinguish
16   among the opinions of three types of physicians:  those who treat the claimant
17   ("treating physicians") and two categories of "nontreating physicians," namely
18   those who examine but do not treat the claimant ("examining physicians") and
19   those who neither examine nor treat the claimant ("nonexamining physicians").
20   <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted).  A
21   treating physician's opinion is entitled to more weight than an examining
22   physician's opinion, and an examining physician's opinion is entitled to more
23   weight than a nonexamining physician's opinion.[3]  <u>See</u> <u>id.</u>  In general, the opinion
24   of a treating physician is entitled to greater weight than that of a non-treating

25

26       [3]<u>Cf.</u> <u>Le v. Astrue</u>, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to
27   draw bright line distinguishing treating physicians from non-treating physicians; relationship is
     better viewed as series of points on a continuum reflecting the duration of the treatment
28   relationship and frequency and nature of the contact) (citation omitted).

1   physician because the treating physician "is employed to cure and has a greater

2   opportunity to know and observe the patient as an individual." Morgan v.

3   Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir.

4   1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

5           The treating physician's opinion is not, however, necessarily conclusive as

6   to either a physical condition or the ultimate issue of disability. Magallanes v.

7   Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d

8   759, 761-62 & n.7 (9th Cir. 1989)). Where a treating physician's opinion is not

9   contradicted by another doctor, it may be rejected only for clear and convincing

10  reasons. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal

11  quotations omitted). The ALJ can reject the opinion of a treating physician in

12  favor of another conflicting medical opinion, if the ALJ makes findings setting

13  forth specific, legitimate reasons for doing so that are based on substantial

14  evidence in the record. Id. (citation and internal quotations omitted); Thomas v.

15  Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out

16  detailed and thorough summary of facts and conflicting clinical evidence, stating

17  his interpretation thereof, and making findings) (citations and quotations omitted);

18  Magallanes, 881 F.2d at 751, 755 (same; ALJ need not recite "magic words" to

19  reject a treating physician opinion – court may draw specific and legitimate

20  inferences from ALJ's opinion). "The ALJ must do more than offer his

21  conclusions." Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). "He must

22  set forth his own interpretations and explain why they, rather than the

23  [physician's], are correct." Id. "Broad and vague" reasons for rejecting the

24  treating physician's opinion do not suffice. McAllister v. Sullivan, 888 F.2d 599,

25  602 (9th Cir. 1989).

26          These standards also apply to opinions of examining physicians. See

27  Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1164

28  ///

1    (9th Cir. 2008) (quoting Lester, 81 F.3d at 830-31); Andrews v. Shalala, 53 F.3d

2    1035, 1042-44 (9th Cir. 1995).

3         **B.    Pertinent Facts**

4         On April 24, 2010, Dr. Yu conducted an Orthopedic Evaluation of plaintiff

5    which included a physical examination.  (AR 252-55).  Based on his examination,

6    Dr. Yu diagnosed plaintiff with myofascial back pain and obesity, and opined, in

7    part, that plaintiff (1) "should be able to sit, stand or walk for up to six hours in an

8    eight-hour day"; (2) "should occasionally be allowed to pick up 20 pounds and

9    frequently 10 pounds"; and (3) "should be limited to only occasional squatting,

10   stooping, kneeling, crawling, climbing, bending or lifting" ("Dr. Yu's Opinions").

11   (AR 255) (emphasis added).

12        The ALJ's decision includes a lengthy discussion of Dr. Yu's Orthopedic

13   Evaluation of plaintiff, including an almost verbatim reiteration of Dr. Yu's

14   opinions regarding plaintiff's functional abilities.  (AR 19) (citing Exhibit 5F at 4

15   [AR 255]).  The ALJ gave "great weight" to all of Dr. Yu's findings, and

16   concluded that such examining doctor's functional assessment for plaintiff "[was]

17   consistent with the records as a whole."  (AR 19).

18        **C.    Analysis**

19        Here, the ALJ failed properly to evaluate Dr. Yu's Opinions.  As the Court

20   cannot find the ALJ's error to be harmless, a remand is warranted.

21        First, the parties agree that Dr. Yu's opinions regarding plaintiff's

22   functional abilities are partially ambiguous – specifically, Dr. Yu's finding that

23   plaintiff could "frequently [pick up] 10 pounds" is inconsistent with his finding

24   that plaintiff was "limited to occasional . . . lifting."  (Plaintiff's Motion at 3;

25   Defendant's Motion at 3) (citing AR 255).

26        Second, it appears that the ALJ resolved the ambiguity by rejecting one of

27   the conflicting findings – specifically, Dr. Yu's "occasional . . . lifting" limitation

28   – and silently omitting it from plaintiff's residual functional capacity assessment

7

1   and the hypothetical question the ALJ posed to the vocational expert at the
2   administrative hearing.  (AR 14-15, 55-56).  The ALJ's failure to account for such
3   significant and probative medical opinion evidence, however, was legal error.  As
4   defendant correctly points out (Defendant's Motion at 4), the ALJ was entitled to
5   resolve ambiguities in Dr. Yu's Opinions.  See, e.g., Lewis v. Apfel, 236 F.3d 503,
6   509 (9th  Cir. 2001) (sole province of ALJ to resolve conflicts or ambiguities in
7   properly supported medical evidence) (citation omitted).  Nonetheless, to the
8   extent the ALJ rejected significant probative evidence in the process, he was
9   required to provide a sufficient explanation for doing so.  See Vincent v. Heckler,
10  739 F.2d 1393, 1394-95 (9th Cir. 1984) (An ALJ must provide an explanation
11  when he rejects "significant probative evidence.") (citation omitted).  An ALJ may
12  not simply disregard portions of a doctor's opinion that do not support a non-
13  disability determination.  See Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir.
14  1984) (Although an ALJ is entitled to weigh conflicting evidence, "he cannot
15  reach a conclusion first, and then attempt to justify it by ignoring competent
16  evidence in the record that suggests an opposite result.") (citations omitted); see
17  also Campbell v. Astrue, 627 F.3d 299, 306 (7th Cir. 2010) ("An ALJ may not
18  selectively discuss portions of a physician's report that support a finding of
19  non-disability while ignoring other portions that suggest a disability.") (citation
20  omitted).

21          Finally, the Court cannot conclude that the ALJ's error was harmless.
22  At the hearing the vocational expert testified that plaintiff (or a hypothetical
23  individual with the same characteristics as plaintiff) would be unable to perform
24  the representative jobs of mail clerk, garment sorter, and electronics worker if he
25  could "only occasionally engage in the act of lifting."  (AR 56-58).  Therefore, the
26  Court cannot conclude that the vocational expert would have opined (or that the
27  ALJ relying upon such opinion would have determined) that plaintiff could
28  perform work which exists in significant numbers in the national economy if the

8

1   ALJ had included in the hypothetical question the significant functional limitation

2   to "occasional . . . lifting" identified by Dr. Yu but not accounted for in the ALJ's

3   residual functional capacity assessment.[4]

4       Accordingly, this case must be remanded to permit the ALJ properly to

5   consider the medical opinion evidence.

6   **V.   CONCLUSION**[5]

7       For the foregoing reasons, the decision of the Commissioner of Social

8   Security is reversed in part, and this matter is remanded for further administrative

9   action consistent with this Opinion.[6]

10      LET JUDGMENT BE ENTERED ACCORDINGLY.

11  DATED:   January 31, 2014

12                                      /s/
                          _____
13                          Honorable Jacqueline Chooljian
                            UNITED STATES MAGISTRATE JUDGE
14

15

16      [4]While defendant suggests that the ambiguity in Dr. Yu's Opinions was essentially a

17  harmless typographical error (Defendant's Motion at 5), the Court cannot conclude as much.
    Clearly the ALJ found the ambiguity significant.  As noted above, the ALJ gave "great weight" to

18  all of the findings in Dr. Yu's orthopedic evaluation of plaintiff; the ALJ particularly noted that
    Dr. Yu's functional assessment of plaintiff was "consistent with the records as a whole;" and the

19  ALJ's decision expressly noted each of Dr. Yu's findings regarding plaintiff's functional

20  abilities.  (AR 19).  Yet, in the end, the ALJ excluded only one of those findings from plaintiff's
    residual functional capacity assessment and the hypothetical question – *i.e.* Dr. Yu's limitation to

21  "occasional . . . lifting." (AR 14-15, 55-56).

22      [5]The Court need not, and has not adjudicated plaintiff's other challenge to the ALJ's

23  decision, except insofar as to determine that a reversal and remand for immediate payment of
    benefits would not be appropriate.

24

25      [6]When a court reverses an administrative determination, "the proper course, except in rare

26  circumstances, is to remand to the agency for additional investigation or explanation."
    Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and

27  quotations omitted).  Remand is proper where, as here, additional administrative proceedings
    could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir.

28  1989).